UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOIS LAZARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1833** |
| **WINN-DIXIE MONTGOMERY, LLC** | **SECTION: "G"(1)** |

## ORDER

This personal injury action arises out of an alleged slip and fall at a Winn-Dixie grocery store.[1] Plaintiff Lois Lazard ("Plaintiff") originally filed this action against Defendant Winn-Dixie Montgomery, LLC ("Defendant") in the Civil District Court for the Parish of Orleans, State of Louisiana.[2] Defendant removed the action to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. On October 14, 2021, this Court found that it was not facially apparent that the amount in controversy exceeds $75,000, and thus ordered the parties to submit evidence regarding the amount in controversy at the time of removal.[4] Having considered the evidence submitted and the briefing of Defendant, the Court concludes that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. Accordingly, the Court lacks subject matter jurisdiction over this matter and hereby remands it to state court.

---

[1] Rec. Doc. 1 at 2.

[2] Rec. Doc. 1-3.

[3] Rec. Doc. 1 at 2.

[4] Rec. Doc. 8 at 4–5.

## I. Background

In this litigation, Plaintiff alleges that she was injured while visiting Defendant's store.[5] Plaintiff avers that on June 6, 2020, she was shopping at Defendant's store when "she tripped and fell on merchandise boxes strewn about the aisle and on the floor by a store employee."[6] She alleges that Defendant negligently failed to make her aware of the dangerous condition.[7]

On May 26, 2021, Plaintiff filed this action in the Civil District Court for the Parish of Orleans.[8] In the petition, Plaintiff alleges that, as a result of the incident, she "required prompt medical attention, as well as ongoing medical treatment, prescription medication, [and] physical therapy, all resulting in continued pain and suffering."[9] She seeks damages for past, present, and future pain and suffering, mental anguish, physical disfigurement, physical impairment, and medical expenses, as well as pre- and post-judgment interest.[10]

On October 6, 2021, Defendant removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[11] In the Notice of Removal, Defendant alleges that its citizenship is diverse from Plaintiff's and asserts that Plaintiff has alleged damages exceeding $75,000.[12] Defendant notes that it sent a Request for Admission to Plaintiff on July 29, 2021, requesting an admission that "[Plaintiff's] claim is worth more than $75,000.00, exclusive of

---

[5] Rec. Doc. 1-3.

[6] *Id*. at 2.

[7] *Id*.

[8] *See id*. at 1.

[9] *Id*. at 2.

[10] *Id*. at 3–4.

[11] Rec. Doc. 1.

[12] *Id*. at 2–4.

interest and costs" (the "Request for Admission").[13] At the time of removal, Defendant had not yet received an answer to the Request for Admission from Plaintiff.[14]

On October 14, 2021, the Court issued a jurisdictional briefing order.[15] The Court held both that "[i]t is not readily apparent from the face of the petition that Plaintiff's damages exceed $75,000" and that "Defendant has not provided sufficient evidence that the amount in controversy is satisfied in this case."[16] The Court ordered Defendant to submit evidence regarding the amount in controversy at the time of removal.[17] On October 28, 2021, Defendant submitted a "Memorandum in Support of Amount in Controversy."[18] On November 17, 2022, Plaintiff filed a stipulation "that at no time has the amount and/or value in controversy in [this matter] exceeded a sum or value of $75,000.00 exclusive of interest and costs."[19]

## II. Defendant's Arguments

Defendant argues that information obtained regarding Plaintiff's claimed injuries and treatment, along with Plaintiff's failure to respond to Defendant's Request for Admission, prove that the amount in controversy exceeded $75,000 at the time of removal.[20] First, Defendant argues that it obtained medical records indicating that Plaintiff "claims to have injured her lower back in

---

[13] *See* Rec. Doc. 1-6 at 1.

[14] Rec. Doc. 1 at 4 ("As of the filing of this removal, the [P]laintiff has failed to answer [Defendant's] Requests for Admissions.").

[15] Rec. Doc. 5 at 4.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 6.

[19] Rec. Doc. 16.

[20] *See* Rec. Doc. 6.

the subject accident" based on an x-ray of the lumbar spine taken on June 15, 2020.[21] However, Defendant contends that prior medical records show that Plaintiff already had a lower back injury based on an MRI conducted prior to the incident.[22] Thus, Defendant "anticipates that [Plaintiff] will allege that the subject accident worsened her prior back injury."[23] Defendant further alleges that Plaintiff has been treated by Louisiana Health Solutions for "complaints of right foot pain, left hip pain, sacrum pain and low back pain following the accident" for a total cost of $3,522.00.[24] Defendant provides no other evidence of treatment, but argues that another court in the Eastern District of Louisiana, relying on Louisiana state court cases, denied a plaintiff's motion to remand "where the plaintiff was diagnosed with a cervical strain and sprain but where her MRI revealed the presence of a disc bulge."[25]

Second, Defendant argues that Plaintiff's "failure to respond to [Defendant's] Request for Admission within thirty days results in its admission for purposes of establishing the amount in controversy."[26] Defendant analogizes to *Gayden v. Winn-Dixie Montgomery, Inc.*,[27] and argues that another court in the Eastern District of Louisiana found that a plaintiff's failure to respond to a similar request for admission "was an admission pursuant to Louisiana law and served as 'other

---

[21] *Id*. at 1. Defendant states that a radiologist observed "lateral tilting" of a disc, "lateral curvature" of the lower thoracic lumbar spine, "generalized exaggerated lumbar lordotic curvature between L1 and S1," "disc space narrowing," and "suspected facet arthrosis at the lower lumbar levels." *Id*. at 1–2.

[22] *Id*. at 2. At this MRI taken prior to the incident, a radiologist observed "mild broad-based disc protrusion" and other issues with L4-5 disc, along with "[m]inimal broad-based disc bulge" of the L5-S1 disc. *Id*.

[23] *Id*.

[24] *Id*.

[25] *Id*. at 2–3 (citing *Bourg v. Fireman's Fund Ins. Co.*, 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999)).

[26] *Id*. at 3.

[27] No. 13-6232, 2014 WL 433503 (E.D. La. Feb. 4, 2014).

paper' to trigger the removal clock."[28] Thus, Defendant concludes that the Request for Admission was "deemed admitted that moment [Plaintiff] did not timely answer [it]."[29]

### III. Legal Standard

A court must address the jurisdiction issue *sua sponte* because a "party may neither consent to nor waive federal subject matter jurisdiction."[30] "[S]ubject matter delineations must be policed by the courts on their own initiative."[31] The Court must remand this case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[32]

Generally, a defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action.[33] The diversity statute, 28 U.S.C. § 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs.[34] The removing party bears the burden of demonstrating that federal jurisdiction exists.[35] In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[36]

Under Fifth Circuit precedent, a removing defendant's burden of showing that the amount

---

[28] Rec. Doc. 5 at 3.

[29] *Id.*

[30] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[31] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[32] 28 U.S.C. § 1447(c).

[33] *See* 28 U.S.C. § 1441(a).

[34] 28 U.S.C. § 1332.

[35] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[36] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

in controversy supports federal jurisdiction differs depending on whether a petition alleges a specific amount of monetary damages.[37] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[38] On the other hand, if the plaintiff pleads damages that do not exceed the jurisdictional amount, that figure will control and thus prohibit removal.[39] "Thus, in the typical diversity case, the plaintiff remains the master of [the] complaint."[40]

Yet Louisiana law generally does not allow a plaintiff to plead a specific amount of damages.[41] When, as here, the plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[42]

A removing defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[43] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum.[44] Indeed, the defendant must submit

---

[37] *Id.*

[38] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[39] *Id.*

[40] *Id.*

[41] *See* La. Code Civ. P. art. 893.

[42] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[43] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[44] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

evidence that establishes that the actual amount in controversy exceeds $75,000.[45] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[46]

## IV. Analysis

In Defendant's "Memorandum in Support of Amount in Controversy," Defendant alleges that Plaintiff's failure to respond to the Request for Admission and the nature of Plaintiff's injuries establish that the amount in controversy requirement is satisfied.[47] Plaintiff submits a post-removal stipulation that at no time has the amount in controversy requirement been satisfied in this matter.[48]

The Court first addresses Plaintiff's failure to respond to the Request for Admission. The Request for Admission states: "Please admit your claim is worth more than $75,000, exclusive of interest and costs."[49] Defendant argues that this statement should be deemed admitted as it was not denied within the time allowed by Louisiana law. However, a plaintiff's failure to stipulate or admit to an amount in controversy is just one factor a court considers in determining whether a defendant has met its burden regarding the jurisdictional amount.[50] This is because, in part, the

---

[45] *See id.*

[46] *Allen*, 63 F.3d at 1335.

[47] *See* Rec. Doc. 6.

[48] Rec. Doc. 16.

[49] Rec. Doc. 1-6 at 1.

[50] *Riley v. S. Fidelity Ins. Co.*, No. 11-1482, 2011 WL 3567515, at *5 (E.D. La. Aug. 12, 2011) (citing *Meza v. Best Western Int'l, Inc.*, No. 10-2623, 2010 WL 5146524, at *2 n. 3 (E.D. La. Dec. 8, 2010) & *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006)) (finding that "'a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden' regarding the amount in controversy").

Fifth Circuit has made clear that a "party may neither consent to nor waive federal subject matter jurisdiction."[51] The Court must determine for itself if it has subject matter jurisdiction.[52]

Nevertheless, Defendant cites *Gayden v. Winn-Dixie Mongtomery, Inc.*,[53] to support its assertion that removal is proper where a plaintiff admits that the amount in controversy threshold has been met by failing to respond to a request for admission.[54] However, in *Gayden*, another court in the Eastern District of Louisiana addressed the issue of whether removal was timely, not whether the amount in controversy requirement had been met.[55] Thus, there is nothing to suggest that the court in *Gayden* determined that the amount in controversy requirement was satisfied based only on the plaintiff's failure to respond to the request for admission.[56] Therefore, the Court finds that Plaintiff's failure to respond to the Request for Admission does not clearly establish that the amount in controversy requirement was satisfied at the time of removal, but is just one factor to consider in the analysis.

The Court next addresses Plaintiff's stipulation that the amount in controversy was less than $75,000 at the time of removal.[57] While the amount in controversy must typically be determined at the time of removal, the Fifth Circuit has held that a post-removal stipulation by a

---

[51] *Simon*, 193 F.3d at 850.

[52] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) ("[S]ubject matter delineations must be policed by the courts on their own initiative.").

[53] No. 13-6232, 2014 WL 433503 (E.D. La. Feb. 4, 2014).

[54] Rec. Doc. 5 at 3.

[55] *Gayden*, 2014 WL 433503, at *3.

[56] *See Franklin v. Tom Hassel Trans., Inc.*, No. 19-2228, 2019 WL 2755093, at *3 (E.D. La. July 2, 2019) ("Because the Court [in *Gayden*] did not engage in a detailed analysis regarding the amount in controversy, it is unclear how heavily the Court relied on the plaintiff's failure to timely respond to a request for admissions in determining that the amount in controversy was above $75,000.").

[57] *See* Rec. Doc. 16.

8

plaintiff may be considered "if the basis for jurisdiction is ambiguous at the time of removal."[58] As the Court explained in its previous jurisdictional briefing order, it was not readily apparent from the face of the petition that Plaintiff's damages exceed $75,000 and Defendant did not provide sufficient evidence in the Notice of Removal to establish that the amount in controversy requirement was satisfied.[59] Therefore, the basis for jurisdiction was ambiguous at the time of removal. Thus, the Court shall consider Plaintiff's post-removal stipulation as another factor, along with Plaintiff's failure to respond to the Request for Admission, in determining whether the amount in controversy exceeded $75,000 at the time of removal.

Finally, the Court considers the evidence that Defendant has submitted to determine whether the amount in controversy exceeded $75,000 at the time of removal. Defendant submits medical records regarding Plaintiff's injuries before and after the incident.[60] This evidence does not suggest that the amount in controversy exceeds $75,000. The records provided by Defendant include only one bill for $3,552 in medical care received from June through September of 2020.[61] Furthermore, a medical record from April 12, 2019, indicates that Plaintiff was already a surgical candidate based on persistent back pain before the accident occurred.[62] While the records submitted by Defendant indicate that Plaintiff has undergone additional medical appointments and tests, Defendant does not provide any evidentiary support that the expenses of these medical

---

[58] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014) (Brown, J.) (citations omitted); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir.1995) ("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved.").

[59] Rec. Doc. 5 at 4.

[60] *See* Rec. Docs. 6-1, 6-2, 6-3, 6-4.

[61] Rec. Doc. 6-3.

[62] *See* Rec. Doc. 6-2.

treatments exceeded $75,000 at the time of removal. Nor does Defendant provide any evidence of what additional costs may be incurred in the amount of future medical damages, or other damages alleged by Plaintiff.

In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The damages alleged are too speculative for the Court to find that they satisfy the amount in controversy requirement. Thus, Defendant's attempt to prove the amount in controversy based on decisions in other courts is unpersuasive because "these damages are highly individualized awards that are decided after a trial on the merits."[63] Although the categories of damages that Plaintiff lists could potentially bring her total amount of damages to over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard."[64] Considering the evidence of the amount in controversy at the time of removal, Plaintiff's failure to answer the Request for Admission, and Plaintiff's post-removal stipulation, the Court finds that there is insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

Accordingly,

---

[63] *Franklin*, 2019 WL 2755093, at *2 (citing *Betemps v. Dolgencorp*, No. 19-17647, 2017 WL 3327980, at *3 (E.D. La. 2017) (Brown, J.)) (finding that Defendant failed to establish that the amount in controversy based on an MRI report finding that the plaintiff suffered injuries to the lumbar discs).

[64] *Allen*, 63 F.3d at 1336.

**IT IS HEREBY ORDERED** that the case is hereby remanded to the Civil District Court

for the Parish of Orleans, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of December, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

11